```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

BAPTIST MEMORIAL HOSPITAL-GOLDEN                              PLAINTIFFS
TRIANGLE, INC., CALHOUN HEALTH
SERVICES, DELTA REGIONAL MEDICAL
CENTER, GRENADA LAKE MEDICAL
CENTER, MERIT HEALTH BATESVILLE,
FORMERLY KNOWN AS TRI-LAKES MEDICAL CENTER,
MISSISSIPPI, BAPTIST MEDICAL CENTER, INC.,
ST. DOMINIC-JACKSON MEMORIAL HOSPITAL,
AND TISHOMINGO HEALTH SERVICES, INC.

VS.                                     CIVIL ACTION NO. 3:17CV491TSL-LRA

ALEX AZAR, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE UNITED
STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES, SEEMA VERMA, IN HER OFFICIAL
CAPACITY AS ADMINISTRATOR, CENTERS FOR
MEDICARE & MEDICAID SERVICES, AND
CENTERS FOR MEDICARE AND MEDICAID SERVICES            DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

Plaintiffs in this cause are Mississippi licensed hospitals which participate in the Mississippi Medicaid Program and have been designated as disproportionate share hospitals pursuant to 42 U.S.C. § 1396r-4. Defendants are Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services (HHS), the federal agency responsible for the administration of federal responsibilities under the Medicaid statute; Seema Verma, in her official capacity as Administrator of the Center for Medicare and Medicaid Services; and Centers for Medicare & Medicaid Services (CMS), the federal agency responsible for administering the Medicaid and disproportionate hospital share

(DHS) program.  In this action, plaintiffs challenge defendants' enforcement of certain policies and/or rules relating to the calculation of the hospital-specific limit (HSL) of the Medicaid Disproportionate-Share Hospital program (DSH), 42 U.S.C. § 1396r-4.  The case is presently before the court on the parties' cross-motions for summary judgment.  The court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiffs' motion for summary judgment should be granted and defendants' motion denied.

Plaintiffs herein first allege that certain policies/rules posted on defendant CMS's website in 2010 in the form of responses to Frequently Asked Questions (FAQs) 33 and 34 regarding the calculation of the HSL under 42 U.S.C. § 1396r-4(g)(1) are invalid on procedural and substantive grounds.  A number of courts have considered identical challenges to either or both of the FAQs,[1] and all have concluded that the FAQs are procedurally invalid for the reason that they are "substantive legislative rule[s] that should have been, but [were] not, promulgated through the notice-and-comment rulemaking process required by the APA." Children's Health Care v. Centers for Medicare & Medicaid Servs.,

---

[1] Each of these courts has set forth in meticulous detail the pertinent statutory and regulatory background, described the applicable standard of review, and explained the parties' various arguments, which are essentially the same in all these cases. This court can add nothing to what has already been written on these matters and finds it unnecessary to cover this ground again.

2

No. 16-CV-4064 (WMW/DTS), 2017 WL 3668758, at *8 (D. Minn. June 26, 2017). See New Hampshire Hosp. Ass'n v. Azar, 887 F.3d 62, 77 (1st Cir. 2018) (holding that the rule announced in the FAQs 33 and 34 is legislative and is procedurally improper for noncompliance with the notice-and-comment procedures prescribed by the APA); Texas Children's Hosp. v. Azar, Civ. Action No. 14-2060 (EGS), 2018 WL 2464462 (D.D.C. June 1, 2018) (concluding that FAQ 33 was not "a mere interpretation of a governing statute or regulation" but rather an attempt to promulgate a legislative rule and thus could have been promulgated only in accordance with the notice-and-comment provisions of the APA); Mo. Hosp. Ass'n v. Hargan, Case No. 2:17-CF-04052-BCW, 2018 WL 814589, at *9 (W.D. Mo. Feb. 9, 2018) (holding that FAQs 33 and 34 were subject to notice-and-comment procedures as they "substantively impact the HSL calculation, as opposed to simply interpreting the contours of the statute and the 2008 Rule" and thus are "legislative in nature"); Tennessee Hosp. Ass'n v. Price, No. 3:16-CV-3263, 2017 WL 2703540, at *7 (M.D. Tenn. June 21, 2017) (finding that FAQs 33 and 34 make a substantive change to existing law without observance of procedure required by law as they were not promulgated pursuant to the required notice-and-comment rule-making procedures); Children's Hosp. of the King's Daughters, Inc. v. Price, 258 F. Supp. 3d 672, 689 (E.D. Va. 2017) (concluding that "FAQ 33 is a substantive rule that should have

3

been promulgated pursuant to notice-and-comment").[2] This court finds the reasoning of these courts to be sound and the conclusion that defendants' responses to FAQs 33 and 34 are not interpretive but rather legislative in nature to be obviously correct. Therefore, as it is undisputed that FAQs 33 and 34 were not put through the APA's rule-making (notice-and-comment) procedures, it follows that they are invalid and cannot be enforced. Accordingly, plaintiffs' motion for summary judgment as to FAQs 33 and 34 will be granted and defendants' cross-motion denied.

In addition to challenging FAQs 33 and 34, plaintiffs allege in their complaint that a rule promulgated by defendants in April 2017 following notice-and-comment that in substance parroted the responses to FAQs 33 and 34 (the 2017 Final Rule) is substantively unlawful and should be set aside because it directly conflicts with the plain language of § 1396r-4(g)(1)(A) and is thus beyond defendants' statutory authority. In their motion for summary judgment, plaintiffs acknowledged that defendants have stipulated that the 2017 Final Rule is operative only from its June 2, 2017 effective date and is not retroactive. For this reason, and for

---

[2] Some of these courts have also found the rules reflected in defendants' responses to FAQs 33 and/or 34 invalid on substantive grounds. See Missouri Hosp. Ass'n v. Hargan, No. 2:17-CV-04052-BCW, 2018 WL 814589 (W.D. Mo. Feb. 9, 2018); Children's Hosp. of the King's Daughters, Inc. v. Price, 258 F. Supp. 3d 672, 689 (E.D. Va. 2017); Tennessee Hosp. Ass'n v. Price, No. 3:16-CV-3263, 2017 WL 2703540, at *7 (M.D. Tenn. June 21, 2017).

the further reason that the 2017 Final Rule has recently been vacated by the court in Children's Hospital Association of Texas, Civ. Action No. 17-844 (EGS), 2018 WL 1178024 (D.D.C. Mar. 6, 2018), the court finds that plaintiffs' motion for summary judgment as it relates to the 2017 Final Rule should be granted and defendants' cross-motion denied.[3]

Based on the foregoing, it is ordered that plaintiffs' motion for summary judgment is granted and that defendants' motion for summary judgment is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of June, 2018.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3] While the court in Missouri Hospital Association, 2018 WL 814589, ruled that the plaintiff therein was "entitled to summary judgment that the Final Rule is in excess of Defendants' statutory authority" and ordered the Final Rule set aside, the court did not specifically state that it intended its order to have effect beyond the parties to that case. The court in Children's Hospital Association of Texas, Civ. Action No. 17-844 (EGS), 2018 WL 1178024 (D.D.C. Mar. 6, 2018), however, was clear. The court did not rule that the 2017 Final Rule was set aside as it applied to the plaintiffs in that case but rather that it was vacated and no longer in effect.